**James TAYLOR, et al.**

v.

**Michael MONETTE, et al.**

**Civ. A. No. 81–1255.**

United States District Court,
E.D. Pennsylvania.

March 9, 1982.

Philip H. Rush, Jacobs & Levin, Philadelphia, Pa., for plaintiffs.

Andrew A. Borek, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

By motion *in limine,* at a conference in chambers before the start of the trial in this case, counsel for defendant sought a ruling to the effect that evidence concerning the amount of plaintiffs' hospital and medical expenses is not admissible at trial. On February 5, 1982, a panel of the Pennsylvania Superior Court, in *Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700 (1982), ruled that such evidence is admissible. The question is whether this Court is bound by, or should follow, that ruling.

The Superior Court expressed two basic reasons for admitting such evidence: proof that medical expenses exceed $750 is necessary to establish the subject-matter jurisdiction of the court, under the Pennsylvania No-Fault Statute; and in any event, such evidence is relevant to the jury's calculation of the correct amount to award for pain and suffering and other noneconomic losses. The court expressly recognized, however, that plaintiffs are not entitled to recover, as damages, any portion of their medical expenses.

Juries decide disputed factual issues. In cases where there is a dispute concerning whether plaintiffs have met the $750 jurisdictional threshold, it is conceivable that they should be permitted to establish of record the precise amount of their medical expenses. Ordinarily, however, at least in federal court, issues concerning the existence of subject-matter jurisdiction are for the court, not the jury. In the present case, it is undisputed that plaintiffs' medical expenses approximate $16,000. There neither is, nor can be, any question as to the existence of subject-matter jurisdiction.

With respect to the pain-and-suffering issue, I must respectfully disagree with the *Martin* court's assertion that the amount of the medical expense is relevant to a determination of the proper amount to award for pain and suffering. It is clear, of course, that plaintiffs are entitled to show what hospitalizations and medical procedures they underwent, and what pain and discom-

fort may have been associated with such treatment. But I have great difficulty in perceiving how the precise cost of such treatment would bear upon the degree of pain and suffering experienced. Surely, a plaintiff is not entitled to a greater award for the same pain because it is experienced in a private room rather than in a ward. An injection in the office of a renowned specialist is no more painful than an injection in the office of a general practitioner, or in a clinic.

To the extent that a federal court in a diversity case is required to apply state law in unexplored or developing areas of the law, the federal court is required to predict the views of the state court of last resort. Decisions of intermediate appellate courts are highly persuasive, but not totally binding. While I believe there is a serious question as to whether the Supreme Court of Pennsylvania is likely to uphold the admissibility of medical bills in all no-fault cases, I am, fortunately, not required to make such predictions in this case. Even in diversity cases, the Federal Rules of Evidence are applicable in federal trials. Federal Rule of Evidence 403 provides that

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...."

While I am not persuaded that evidence of the amount of medical costs is relevant to any issue in this case, F.R.E. 401, I am entirely satisfied that whatever marginal probative value such evidence would have on the issue of pain and suffering is greatly outweighed by its tendency for harm. Such evidence would tend to distract the jury's attention from evaluating precisely what the injured plaintiff experienced, and its physical and psychological consequences. There is grave risk that the jury would either inflate its ultimate award to cover the medical expenses, or reduce its award for non-economic losses because of its perception that either the defendant or someone else has already paid plaintiffs' medical expenses.

For all of these reasons, the defendant's motion *in limine* has been granted, and evidence of the amounts of plaintiffs' medical expenses excluded.